UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO OBTAIN EVIDENCE (LETTERS ROGATORY)**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496
 (S.D.N.Y. Mar. 31, 2014) ...................................................................................................3

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) ......................................3

*Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493
 (S.D.N.Y. Aug. 1, 1997) .....................................................................................................4

*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433
 (S.D.N.Y. July 25, 2016) ....................................................................................................3

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769
 (S.D.N.Y. 2012) ...............................................................................................................3, 4

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ......................................................4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of
 Iowa*, 482 U.S. 522, 107 S. Ct. 2542 (1987) .......................................................................4

**Statutes and Rules**

28 U.S.C. § 1781(b)(2) ...................................................................................................................3

Fed. R. Civ. P. 26 ............................................................................................................................3

Fed. R. Civ. P. 28(b)(1)(B) .............................................................................................................3

Plaintiff SKAT, the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this memorandum of law in support of its motion (the "Motion") for the issuance of letters of request to obtain documents and testimony from a witness in Denmark pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). Proposed letters rogatory are attached as Exhibit 1 to the Declaration of Neil J. Oxford, dated December 27, 2019 ("Oxford Decl.").

## PRELIMINARY STATEMENT

SKAT seeks to recover some of the over $2.1 billion that Defendants—United States pension plans, (the "Plans"), their authorized representatives (the "Authorized Representatives"), and their incorporators—deceived it into paying based on fraudulent claims for refunds of dividend withholding tax. Specifically, the Plans through their Authorized Representatives submitted to SKAT fraudulent dividend withholding tax refund claim applications which falsely claimed that the Plans owned shares in Danish companies listed on the OMX Copenhagen 20 Index ("Danish Securities"). These applications are alleged to have been fraudulent because the Plans did not actually own the shares of Danish Securities that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed. By submitting these claims, Defendants were able to receive refunds on dividend withholding tax to which they were not entitled.

A central issue in these cases is therefore whether the Plans owned any of the Danish Securities that served as the basis for their dividend withholding tax refund claims. Each Plan submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that purported to show the claimant's ownership of Danish Securities. Due to the operation of Danish securities regulations, the

Custodians themselves could not have custody of the Danish Securities reflected on the Credit Advices. Instead, to the extent that any Custodian maintained any Danish Securities for the Plans, it would have to maintain custody accounts with other credit institutions (the "Sub-Custodians") where the securities could be held. Solo Capital Partners ("Solo Capital"), one of the major Custodians, which issued Credit Advices for 85 of the Plans, has stated that Skandinaviska Enskilda Banken AB ("SEB") served as its Sub-Custodian and allegedly held Danish Securities on its behalf for the benefit of the Plan defendants in this MDL. Due to the close relationship between Solo Capital Partners and many of the other Custodians (*i.e.* common ownership by Sanjay Shah), SKAT believes that the other Custodians may similarly claim that SEB served as a Sub-Custodian for them.

SKAT now seeks the assistance of this Court in issuing letters rogatory seeking documentary evidence and testimony from SEB. Specifically, SKAT seeks from SEB, with respect to the Defendants and the Custodians utilized by the Defendants: account information, including opening documents; account statements; contracts and agreements; stock and cash records relating to Danish Securities; documents relating to the ownership and trading of Danish Securities and derivatives based on Danish Securities; documents demonstrating the receipt of dividends on Danish Securities; and communications. This information will be relevant to the issue of whether the Plans were the actual holders of the Danish Securities that they asserted as the basis of their claims for dividend withholding tax refunds.

SEB is not a party to this lawsuit, is a citizen of another country, and is not otherwise subject to the jurisdiction of this Court. Thus, it is appropriate for SKAT to seek to obtain evidence under the Hague Evidence Convention. SKAT contacted lead counsel for the Defendants to inform them of the relief sought herein, and has received no objections to this

Motion from Defendants.  Through this Motion, SKAT respectfully requests that the Court issue letters rogatory to the courts of Denmark in order to allow it to obtain evidence from SEB, which will evidence the Defendants' fraudulent scheme.

## **LEGAL STANDARD**

Letters rogatory are the means by which a court in one country can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act.  *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012).  Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party evidence from a foreign entity.  Letters can be sent directly from this Court without transmittal by the State Department.  28 U.S.C. § 1781(b)(2).

In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26.  The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant.  *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014).  "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'"  *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)).  Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper.  *Id*.

## **ARGUMENT**

**I.      LETTERS ROGATORY ARE THE PROPER DISCOVERY DEVICE**

The United States and Denmark are both signatories to the Hague Evidence Convention.  *Hague Evidence Convention Status Table*, HCCH (Mar. 1, 2019),

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82.  SKAT seeks evidence from SEB, an entity located in Denmark, to support its claims against the Defendants in these actions.

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541, 107 S. Ct. 2542, 2554 (1987).  Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a United States court.  *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011).  Where, as here, the witness subject to the motion is not a party to the lawsuit and is not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention.  *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 (S.D.N.Y. 2012) ("parties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

## II. SKAT'S REQUESTS ARE RELEVANT TO THE CLAIMS IN THIS ACTION

SKAT seeks documents and testimony from SEB, which allegedly served as a Sub-Custodian for Danish Securities for at least one, and possibly more, of the Custodians.  The issue of whether the Custodians held Danish Securities on behalf of the Plans is a central issue in these proceedings.  Specifically, SKAT has alleged in the complaints commencing these actions that the applications for dividend withholding tax refunds "were fraudulent because the claimants did not own the shares that they claimed to own, they did not earn the dividends they claimed to have earned, and they were not entitled to the tax refunds they claimed." (*See, e.g.*, Oxford Decl.

4

Ex. 2 ¶ 4.)  Accordingly, the documents and testimony that SKAT seeks from SEB, including account statements, stock records, cash records, SWIFT confirmations and related documentation, will demonstrate (or fail to demonstrate) that SEB did not hold Danish Securities for the Custodians, and by extension the Plans, in an amount sufficient to support the Plans' dividend withholding tax refund claims (if SEB held any Danish Securities for the Custodians and/or Plans at all), and are therefore directly relevant.

At least one of the Custodians has directly indicated that SEB may be in possession of relevant evidence related to these actions.  Solo Capital Partners is a defendant in a separate lawsuit commenced by SKAT related to the dividend withholding tax fraud in England (the "English Action").  In pleadings it filed in the English Action, Solo Capital stated that it used SEB as a Sub-Custodian during the relevant period in which the Plans filed applications for dividend withholding tax refunds.  (*See, e.g.*, Oxford Decl. Ex. 3 at 21 and Ex. 4 at 4.)  The documents and testimony that SKAT seeks from SEB related to the establishment and activity of accounts maintained for the Custodians and Defendants are therefore also relevant.

In sum, SKAT has reason to believe that SEB did not actually hold the Danish Securities that served as the basis of the Plans' dividend withholding tax refund claims.  Given that at least one, if not more, of the Custodians has stated that SEB served as their Custodian for these Danish Securities, the information sought from SEB through the letters rogatory will evidence whether the assertions of the Plans that they actually owned the Danish Securities are true or false.

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its Motion for Issuance of a Request for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
December 27, 2019

HUGHES HUBBARD & REED LLP

By: ___/s/ Neil J. Oxford_____
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
    Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*